UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Michaele Jackson,

       Plaintiff,

v.                                                          Case No. 12-12844

Motorcity, an assumed name of                 Sean F. Cox
Detroit Entertainment, L.L.C.,                   United States District Court Judge
a Michigan limited liability company,

       Defendant.

_____/

## <u>ORDER DENYING</u><br><u>DEFENDANT'S MOTION FOR RECONSIDERATION</u>

     Plaintiff filed this action against his current employer, alleging that it has discriminated and retaliated against him, in violation of the Family Medical Leave Act ("FMLA") for his having exercised his rights under the act.  The matter came before the Court on Defendant's Motion for Summary Judgment.  In an Opinion & Order issued on October 9, 2013, this Court granted the motion in part and denied it in part.  (Docket Entry No. 24).  This Court granted the motion to the extent that the Court dismissed, as time-barred, Plaintiff's retaliation claims based upon Plaintiff's April 5, 2009 suspension from the cell phone incident and Plaintiff's April 10, 2009 suspension for abandoning his post.  The Court denied the motion in all other respects.  Accordingly, Plaintiff's retaliation claims based upon his July 2, 2009 termination, and having been assigned to colder-climate posts for more than 70 days straight in the wintertime, shall proceed to trial.

     On October 28, 2013, Defendant filed a Motion for Reconsideration, wherein it asks this

Court to reconsider its October 9, 2013 Opinion & Order.

Local Rule 7.1 of the Local Rules of the Eastern District of Michigan governs motions for reconsideration and provides:

> (3) Grounds. Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

Eastern District of Michigan, Local Criminal Rule 7.1(h)(3).

The Rule also provides that "a motion for rehearing or reconsideration must be filed within 14 days after entry" of the order at issue.  Eastern District of Michigan, Local Criminal Rule 7.1(h)(1).  Accordingly, as a threshold matter, Defendant's October 28, 2013 motion seeking reconsideration of this Court's October 9, 2013 Opinion & Order is untimely.

Moreover, having reviewed the substance of the motion, this Court would deny the motion even if it had been timely filed.  Defendant's Motion for Reconsideration raises two arguments, both of which the Court finds without merit.

First, Defendant argues that the Court erred in concluding that the issue of whether Plaintiff can establish a willful violation with respect to his discharge in July 2009 is an issue for the trier of fact.  Defendant's motion repeats it arguments already presented to, and rejected by, the Court.  Having reviewed Defendant's renewed arguments, the Court declines to reconsider its ruling.

Second, Defendant argues that this Court erred in not dismissing Plaintiff's FMLA claim based upon being assigned to colder-climate positions for more than 70 days straight during the

wintertime.  (*See* Opinion & Order at 23, the "Court concludes that Jackson has created an issue of fact as to whether being posted to colder-climate positions for more than 70 days straight during the wintertime would be perceived as materially adverse by a reasonable person.").  In challenging that ruling, Defendant asserts that the "court's opinion did not address Defendant's claim (raised at page 21 of its Brief in support, [in foot]note 4) that even if Plaintiff's work assignments were adverse employment actions, he could not recover for those assignments because he had not lost any wages or benefits as a result."  (Def.'s Mot. for Reconsid. at 2).

This so-called "challenge" raised by Defendant was not included in the issues presented in Defendant's brief (*see* Docket Entry No. 19 at 5-6), nor was it contained in the body of the brief.  Rather, Defendant included the following in a footnote:

> It is worth noting that recovery under the FMLA is limited to wages, salary, employment benefits or other compensation denied or lost to the employee as a result of the claimed FMLA violation, or if no wages have been lost, any actual monetary loss suffered by the employee as a direct result of the claimed violation. 29 U.S.C. § 2617(a)(1)(A)(i)(I), (II).  Emotional distress damages are not provided for in the statute.  Thus, even if he were able to succeed with his claims, Plaintiff could only recover for those adverse employment actions that resulted in lost compensation.

(Def.'s Br., Docket Entry No. 19 at 21 n.4).

But the statute provides that an employer who violates the FMLA "shall be liable to any eligible employee affected": 1) for monetary damages (29 U.S.C. § 2617(a)(1)(A)); and 2) "for such equitable relief as may be appropriate" (29 U.S.C. § 2617(a)(1)(B)).

In his Response Brief, Plaintiff responded to Defendant's footnote, in the following footnote contained on page 15 of his brief wherein he asserts that he can pursue equitable relief:

> Plaintiff understands that he is limited to equitable relief for being posted outside, but he is still entitled to injunctive relief on this issue.

3

(Pl.'s Br., Docket Entry No. 22 at 21 n.1).

In Defendant's Reply Brief, once again in a footnote, Defendant states "In his Response at fn. 1, Plaintiff seemingly requests an injunction regarding his work assignments. Even if this Court were inclined to assume that role at MotorCity, equitable relief is not available under the FMLA unless the employee is prejudiced by the alleged violation." (Def.'s Reply Br., Docket Entry No. 23, at n.5). In support of that assertion, Defendant directs the Court to an Eighth Circuit decision – without any further analysis or explanation.

This Court does not believe it erred in not ruling upon Defendant's assertion that Plaintiff cannot obtain equitable relief where that argument was made in a footnote in a reply brief and was still undeveloped even then.

Accordingly, IT IS ORDERED that Defendant's Motion for Reconsideration (Docket Entry No. 27) is DENIED.

IT IS SO ORDERED.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: November 12, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 12, 2013, by electronic and/or ordinary mail.

S/Jennifer McCoy
Case Manager

4